IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James L. Dennis and Enid Dennis, | ) | C/A No. 0:10-2693-MJP-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| HSBC Mortgage Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiffs, James L. Dennis and Enid Dennis, initiated this matter against the defendant, HSBC Mortgage Services, Inc. ("HSBC"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendant's motion. (ECF No. 20.) The plaintiffs filed a response in opposition. (ECF No. 27.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**BACKGROUND**

Through this action the Dennises seek to challenge HSBC's attempt to foreclose on a mortgage on their residence. The Dennises believe that HSBC's attempt to foreclose is flawed for various reasons, and that, in any event, the debt was discharged in bankruptcy in 2010. In October 2010, HSBC commenced mortgage foreclosure proceedings against the Dennises in the South Carolina Court of Common Pleas in York County, Civil Action No. 2010-CP-46-04307. The

proceedings were referred to the master-in-equity. The Dennises filed an answer and asserted counterclaims. That action remains pending.[1] After filing their answer and counterclaims in the state proceeding, the Dennises filed the instant federal court action, also in October 2010. Through the instant motion, HSBC seeks dismissal of the Dennises' action because, it contends, (1) that the Complaint fails to state a claim for which relief can be granted, and (2) the court should abstain from hearing this matter pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

**DISCUSSION**

**A.     Rules 12(b)(1) and 12(b)(6)**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

---

[1] See York County Sixteenth Judicial Circuit Public Index Search, http://judicial.yorkcountygov.com/scjdpublicindex/PICaseDetails.aspx?County=46+&Casenum=2010CP4604307&CourtType=G&CaseType=Civil&CourtAgency=46002&LastName=Dennis&FirstName=Enid (click on "actions") (last visited August 11, 2011). This electronic information is preserved as an ECF attachment to this Report and Recommendation.



undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

As an initial matter, the court observes that the Dennises have not included in their Complaint any allegations revealing a basis for a federal district court to exercise subject matter jurisdiction over this matter. See Fed. R. Civ. P. 8(a)(1). The Dennises have failed to allege either a federal claim or that the parties are diverse and the amount in controversy is over $75,000. Moreover, even if the court could exercise subject matter jurisdiction over the claims asserted,[2] the pleading filed by the Dennises fails to allege facts stating a plausible claim for relief under Rule 12(b)(6).

That said, it appears from their memorandum in opposition to HSBC's motion that the Dennises could potentially cure these deficiencies if permitted to amend their pleading. Accordingly,

---

[2] Although jurisdictional facts are absent from the Complaint, it appears from some of the documents filed by HSBC that diversity jurisdiction may in fact nevertheless exist.



were the Rule 8 pleading defects the only grounds for dismissing this action, the court would give the Dennises the opportunity to file a properly supported motion to amend. See Fed. R. Civ. P. 15(a). However, because it appears that the court should abstain from adjudicating this matter pursuant to Younger v. Harris, 401 U.S. 37 (1971), and Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the court recommends dismissal without prejudice on that basis.

**B.     Abstention**

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has extended the Younger doctrine to also apply to " 'noncriminal judicial proceedings when important state interests are involved.' " Harper v. Pub. Serv. Comm'n of West Va., 396 F.3d 348, 351 (4th Cir. 2005) (quoting Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has established that abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n, 457 U.S. at 432).

Applying these factors to this matter, the court observes that the pending state foreclosure action was commenced on October 6, 2010, and therefore was ongoing when the Dennises filed the instant action some weeks later. Further, it appears that the Dennises have already raised all the



issues asserted in this matter in their state action. Moreover, the court observes that there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state. See Shaffer v. Heitner, 433 U.S. 186, 207-208 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted). Accordingly, even though abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it, see generally Colorado River, 424 U.S. at 813-20, in this case the court should abstain from deciding this lawsuit based upon the Younger doctrine. See, e.g., Borkowski v. Fremont Inv. & Loan of Anaheim, Cal., 368 F. Supp. 2d 822, 828 (N.D. Ohio 2005) (applying Younger abstention in the context of a pending state foreclosure proceeding); Sergeon v. Home Loan Ctr., Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930 (collecting cases applying Younger abstention in light of a pending state foreclosure proceeding) (M.D. Fla. Oct. 26, 2010).

Even if abstention were not warranted under Younger, it would be proper under Colorado River. In Colorado River, the United States Supreme Court outlined the circumstances when a federal court may abstain from hearing a case based upon parallel ongoing state court proceedings. Colorado River, 424 U.S. at 817-19. While federal and state courts may share concurrent jurisdiction with regard to a dispute and federal courts should generally exercise such jurisdiction, abstention is appropriate when exceptional circumstances warrant abstention in deference to the parallel state proceedings. Id. at 817-18. In determining whether such exceptional circumstances exist, the court should consider (1) whether any court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. Moses H. Cone Mem'l Hosp.

PJG

v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (quoting Colorado River, 424 U.S. at 818-19); Hunt v. Mortg. Elec. Registration, 522 F. Supp. 2d 749, 753 (D.S.C. 2007). Additionally, the court may examine "whether a federal question is presented in the case and whether either the state or federal lawsuit was a contrived, defensive reaction to the other." Hunt, 522 F. Supp. 2d at 753 (citing McLaughlin v. United Va. Bank, 955 F.2d 930, 934-35 (4th Cir. 1992)). In determining whether two actions are parallel, the court should determine if substantially the same parties are attempting to litigate the same issues in different forums. New Beckley Min. Corp. v. Int'l Union, United Mine Works of Am., 946 F.2d 1072, 1073 (4th Cir. 1991).

In response to HSBC's argument for Colorado River abstention, the Dennises argue that there is no state parallel proceeding to the instant action because they removed the foreclosure action from state court. This argument is unavailing because the state foreclosure action was not removable. The removal statute provides for removal of any civil action of which the district courts have original jurisdiction. 28 U.S.C. § 1441. No such original jurisdiction existed with regard to the state foreclosure action. First, as the foreclosure action raises only claims based on state contract law, the well-pleaded complaint asserted no claim arising under the Constitution, treaties, or laws of the United States. See 28 U.S.C. § 1441(b); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Anticipated defenses raising questions of federal law cannot form the basis for removal. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) (stating that "a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331").

Second, a claim based on diversity of citizenship can be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, as citizens of South Carolina, the Dennises as defendants in the state foreclosure case cannot avail themselves of the removal procedure. Consequently, the instant federal action and the state foreclosure case, which involve the same parties litigating essentially the same issues, are properly viewed as parallel proceedings. See Hunt, 522 F. Supp. 2d at 753.

Turning to the question of whether abstention is appropriate in light of the parallel proceedings, the court observes that the facts presented here are similar to those in Hunt. There, Hunt filed a federal case contending that HSBC foreclosed on her house under false pretenses. See Hunt, 522 F. Supp. 2d at 751. The court observed that Hunt had filed a similar state court action raising the same allegations and claims as in the federal case, all arising from the foreclosure of her home. The foreclosure action was on appeal at the time. Both state court actions were filed before the federal one. The court noted that South Carolina courts had assumed jurisdiction over the house and would ultimately determine whether foreclosure was proper. The court concluded that no federal issue was present and that piecemeal litigation would result if the federal action proceeded. Finally, the court found the federal case to be a contrived, defensive reaction to Hunt's frustration with her state court proceedings. Hunt, 522 F. Supp. 2d 749 at 753-54.

Similarly, the Dennises, prior to bringing the instant case, asserted counterclaims in the state foreclosure proceeding that essentially encompass the same claims presented here. Their home is the subject of the state foreclosure proceeding, and the propriety of foreclosure will be determined by the state master-in-equity. Furthermore, avoiding piecemeal litigation is important in this context,

because if this case proceeds alongside the foreclosure action, with potentially differing results, substantial confusion with regard to the ownership of the property at issue could result. Finally, the instant case appears to have been filed as a contrived, defensive reaction to the foreclosure action. This is particularly apparent in the attempt of the Dennises to incorporate their counterclaims in the state case into the claims asserted here. (ECF No. 1-1 at 13-20.)

## RECOMMENDATION

Even if the pleading deficiencies in the Dennises' Complaint could be cured, abstention is warranted. See Younger, 401 U.S. 37; Colorado River, 424 U.S. 800. The court therefore recommends that HSBC's motion (ECF No. 19) be granted and that the Complaint be dismissed without prejudice.

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 11, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).